UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

DAVID PAUL VAUGHN,

    Plaintiff,

v.

SGT. DANIEL AKERS, *et al.*,

    Defendants.

No. 5:23-CV-260-REW

MEMORANDUM OPINION
AND ORDER

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff David Paul Vaughn is a prisoner currently confined at the Western Kentucky Correctional Complex ("WKCC") in Fredonia, Kentucky. Proceeding without an attorney, Vaughn has filed a civil complaint pursuant to 42 U.S.C. § 1983, bringing Eighth Amendment claims against Defendants Warden Daniel Akers, Sgt. C. Griffin, Correctional Officer Campbell, and Correctional Officer Werner in their individual and official capacities. *See* DE 1 (Complaint). By prior Order, the Court granted Vaughn's motion to proceed *in forma pauperis* under 28 U.S.C. § 1915. *See* DE 9 (Order Granting IFP). Thus, the Court must conduct a preliminary review of Vaughn's complaint per 28 U.S.C. §§ 1915(e)(2) and 1915A.

I.     BACKGROUND

In his complaint, Vaughn alleges that two other inmates assaulted him while he was confined at the Lee Adjustment Center ("LAC") in Beattyville, Kentucky. *See* DE 1. Specifically, Vaughn claims that on July 13, 2023, two inmates from LAC's West Dorm came to the security gate at the entrance of the North Dorm, where Vaughn was housed. *See id.* at 5. There, the inmates encountered Supervising Seargeant Griffin and Officer Werner. *See id.* After stopping the inmates

1

and patting them down, Griffin opened the security gate and allowed the inmates to enter the dorm. *See id.* According to Vaughn, this entry was unauthorized. *See id.* Vaughn states that the two inmates came upstairs to the wing where he was housed, and after asking Vaughn for his name, proceeded to punch him in the face, back of the head, and ribs. *See id.* As alleged, Officer Campbell was not at his post and never responded to the fight, instead sitting in the employee breakroom. *See id.* Vaughn claims that the two inmates left the wing after punching him for a few seconds, went back through the security gate, and entered the yard. *See id.*

Vaughn alleges that he suffered multiple physical injuries because of the assault, including the loss of three teeth, puncture wounds to his lip, a severe concussion with frontal subdural bleeding of the brain, black eyes and cheeks, and several contusions on his head. *See id.* at 6. Based on these allegations, Vaughn brings claims against Defendants under 42 U.S.C. § 1983 for violating his rights under the Eighth Amendment. *See id.* at 3. As relief, he seeks monetary damages, including compensatory and punitive damages. *See id.* at 6.

## II.     STANDARD

On initial screening, a district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See McGore v. Wrigglesworth*, 114 F.3d 601, 607–08 (6th Cir. 1997). The Court evaluates Vaughn's complaint under a more lenient standard because he is not represented by an attorney. *See Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true and liberally construes them in his favor. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).

### III. ANALYSIS

After review of the complaint per the dictates of §§ 1915 and 1915A, the Court will dismiss Vaughn's official capacity claims against all defendants for failure to state a claim. For the same reason, the Court will dismiss the individual capacity claim against Warden Akers. However, Vaughn may move forward with his individual capacity claims against Griffin, Campbell, and Werner.

#### A. Official Capacity Claims

An official capacity claim against a government official does not exist as a claim against the individual official but rather as a claim directly against the governmental agency employing that official. *See Lambert v. Hartman*, 517 F.3d 433, 439–40 (6th Cir. 2008) ("[Plaintiff] sued the Clerk in his official capacity, which is the equivalent of suing the Clerk's employer, the County."); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) ("While personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law, individuals sued in their official capacities stand in the shoes of the entity they represent.") (citation, quotation marks, and brackets omitted). According to Vaughn, each defendant is employed by Core Civic, a private corporation that operates LAC pursuant to a contract with the Kentucky Department of Corrections. *See* DE 1 at 2–3. Accordingly, the Court construes Vaughn's official capacity claims against Defendants as claims against Core Civic.

A private corporation may act under color of state law for purposes of § 1983[1] if the entity performs a public function, such as contracting with a state to operate its correctional facilities. *See*

---

[1] 42 U.S.C. § 1983 provides, in relevant part: "Every person who, **under color of any statute, ordinance, regulation, custom, or usage, of any State** . . .subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]" 42 U.S.C. § 1983 (emphasis added).

*Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991).  Nonetheless, "§ 1983 liability cannot be imposed solely upon the basis of respondeat superior." *Thomas v. Coble*, 55 Fed. App'x. 748, 748-49 (6th Cir. 2003).  "[J]ust as a municipal corporation is not vicariously liable upon a theory of respondeat superior for the constitutional torts of its employees, a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights." *Iskander v. Vill. of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982) (citations omitted).  To properly maintain a § 1983 suit against a private corporation, the plaintiff must show that the corporation acted "pursuant to some official policy or custom." *Thomas*, 55 Fed. App'x. at 749.  "A plaintiff must therefore specify a [corporate] policy or custom from which his injuries flowed." *Brown v. Cuyahoga Cnty.*, 517 F. App'x 431, 436 (6th Cir. 2013).

In practical terms, Core Civic is only liable under § 1983 if, in carrying out the corporation's formal policies or customs, Defendants caused constitutional injuries to Vaughn. *See Monell v. Dept. of Social Services*, 98 S. Ct. 2018, 2037–38 (1978).  Vaughn has not alleged or identified a policy or custom of Core Civic that resulted in the alleged violation of a constitutional right; instead, he seeks to hold the company liable for the actions of its employees, full stop.  Vaughn's complaint therefore fails to state a constitutional claim against Core Civic. Accordingly, the Court dismisses the official capacity claims against all defendants.

B. **Individual Capacity Claims**

With respect to the individual capacity claims against Akers, Griffin, Campbell, and Werner, a defendant is personally liable in a § 1983 action only if that defendant was personally involved in the deprivation of the plaintiff's civil rights. *See Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003).  Federal pleading standards require that, at a minimum, the complaint put each defendant on notice of the conduct forming the basis of the plaintiff's claim against him. *See*

4

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Indeed, "[e]ven a pro se prisoner must link his allegations to material facts . . . and indicate what each defendant did to violate his rights[.]"  *Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019).

Vaughn's complaint alleges that Werner and Griffin improperly allowed the two inmate-assailants to enter the North Dorm, even though such access was unauthorized.  *See* DE 1 at 5.  Vaughn also claims that Campbell failed to respond to the fight, sitting in the breakroom instead of attending his post.  *See id*.  Broadly construed, Vaughn's complaint alleges that Griffin, Campbell, and Werner failed to adequately protect him from an assault by the two fellow inmates.  The United States Supreme Court has long recognized that, under the Eighth Amendment, "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners."  *Farmer v. Brennan*, 114 S. Ct. 1970, 1976–77 (1994) (citations and quotation marks omitted).  Thus, Vaughn's Eighth Amendment claims against Griffin, Campbell, and Werner may, at this stage, proceed.  Because Vaughn is proceeding *in forma pauperis*, the United States Marshals Service ("USMS") will serve Griffin, Campbell, and Werner with a summons and copy of the complaint on Vaughn's behalf.  *See* Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).

However, the Court will dismiss Vaughn's individual capacity claim against Warden Akers for failure to state a claim.  The complaint does not contain any allegation of personal conduct by Akers.  Because respondeat superior is not an available theory of liability under § 1983, Akers's supervisory status as Warden is an insufficient basis on which to pursue a § 1983 claim against him.  *Polk Cnty. v. Dodson*, 102 S. Ct. 445, 453 (1981) ("Section 1983 will not support a claim based on a respondeat superior theory of liability."); *see also Iqbal*, 129 S. Ct. at 1949 ("[I]n a § 1983 suit[] - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer.").  While the Court construes *pro se* pleadings with some leniency, it

5

cannot create claims or allegations that the plaintiff has not made. *See Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.") (citation and quotation marks omitted); *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) ("[L]iberal construction does not require a court to conjure allegations on a litigant's behalf.") (citation and quotation marks omitted). Thus, since the allegations are insufficient to state a claim for relief against Akers, the Court will dismiss Vaughn's claim against Akers in his individual capacity.

**IV.  CONCLUSION**

Accordingly, the Court **ORDERS** as follows:

1. Vaughn's Eighth Amendment claims against Defendants Sgt. C. Griffin, Correctional Officer Campbell, and Correctional Officer Werner in their individual capacities **REMAIN PENDING**. The remainder of Vaughn's complaint (DE 1) is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted.

2. As all claims against him have been dismissed, Defendant Warden Daniel Akers is **DISMISSED** as a defendant to this action.

3. The Lexington Deputy Clerk shall prepare a "Service Packet" for service upon Defendants Sgt. C. Griffin, Correctional Officer Campbell, and Correctional Officer Werner in their individual capacities. Each Service Packet shall include:

    a.  a completed summons form;

    b.  the complaint (DE 1);

    c.  the Order granting Vaughn *in forma pauperis* status (DE 9);

    d.  this Order; and

e.  a completed USM Form 285.

4.  The Lexington Deputy Clerk shall send the Service Packet to the United States Marshals Service in Lexington, Kentucky, and note the date of delivery in the docket.

5.  The United States Marshals Service shall make arrangements with the appropriate officials at the Lee Adjustment Center to personally serve Defendants Sgt. C. Griffin, Correctional Officer Campbell, and Correctional Officer Werner at the following address:

    Lee Adjustment Center
    168 Lee Adjustment Center Drive
    Beattyville, KY  41311

6.  Vaughn must immediately advise the Clerk's Office of any change to his current mailing address.  **Failure to do so may result in dismissal of this case.**

7.  If Vaughn wishes to seek relief from the Court, he must do so by filing a formal motion with the Clerk's Office and include the case number associated with this action.  Every motion Vaughn files must include a written certification that he has mailed a copy of it to the defendants or their counsel with the date of the mailing.  **The Court may disregard letters sent directly to the judge's chambers or motions lacking a certificate of service.**

This the 26th day of July, 2024.



Signed By:
_Robert E. Wier_
United States District Judge